Alfred Louis **CHANEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44906.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Rehearing Denied April 5, 1972.

———◆———

Ben H. Tompkins, Fort Worth, for appellant.

Jim D. Vollers, State's Atty. and Robert Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the possession of heroin. After the jury had found the appellant guilty, punishment was assessed by the court at thirty years.

Court appointed counsel for appeal, Honorable Ben H. Tompkins, states in ap-

pellant's brief, "Counsel has examined the record in this case and after a conscientious examination and diligent review of the record and the law applicable thereto has concluded that the appeal is wholly without merit and is frivolous * * * *."

Appellant's brief was filed in the trial court on July 8, 1971, and appellant was notified by the court on July 13, 1971 that he might add any matter he wished and was given until August 13, 1971 to do so.

Counsel, in light of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, sets forth in appellant's brief two contentions that might arguably support the appeal. They both complain of an illegal search and seizure. Appellant has filed a pro se brief in which he sets forth a number of complaints, all of which concern the search in which the heroin was seized from appellant.

The record reflects that after the State rested its case and the jury was excused from the courtroom, counsel for appellant advised the court that the appellant wished to testify. Counsel further advised the court that appellant was taking the witness stand against the advice of his attorney. After the jury was returned to the courtroom, the court advised the appellant that he did not have to testify and reminded him that counsel had advised against his doing so. Appellant's testimony concerned his complaint about the search and seizure, but in the course of same, he admitted he was in possession of heroin on the occasion in question, and that he had been using narcotics.

The accused having taken the witness stand and made a judicial confession may not thereafter complain of the legality of the search. Boothe v. State, Tex.Cr.App., 474 S.W.2d 219; Richardson v. State, Tex.Cr.App., 458 S.W.2d 665; Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732.

After an examination of the record before us, we find ourselves in agreement with counsel's observation that the appeal is frivolous and without merit.

The judgment is affirmed.

Opinion approved by the Court.